UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

EDWARD CARNEY,

   Plaintiff,

v.

GAIL WATTS, *Warden*,
JOHN ZILLMER,
MARC BEUNO,
TIM BARTTRUM and
JONATHAN BENTZ,

   Defendants.

Civil Action No. TDC-22-0796

**MEMORANDUM ORDER**

While detained at the Baltimore County Detention Center ("BCDC"), in Towson, Maryland, self-represented Plaintiff Edward Carney filed this civil action pursuant to 42 U.S.C. § 1983 in which he alleges that Defendant BCDC Warden Gail Watts and Defendants John Zillmer, Marc Beuno, Tim Barttrum, and Jonathan Bentz, who are employees of Aramark, the contract food service provider at BCDC (collectively, the "Aramark Defendants"), violated his constitutional rights by serving him moldy juice. Warden Watts has filed an Answer to the Complaint, while the Aramark Defendants filed a Motion to Dismiss, which is fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Aramark Defendants' Motion to Dismiss will be GRANTED.

**BACKGROUND**

In his Complaint, Carney states that on January 24, 2022, a BCDC correctional officer conducted a town hall meeting regarding moldy juice packs served at BCDC that were causing

stomach illness and diarrhea and told Carney that he should submit a complaint form and a petition regarding this issue. During another meeting on February 2, 2022, Carney met with BCDC staff and Aramark employees, one of whom was responsible for ordering food and drinks for the inmates at BCDC. At that time, the Aramark employee, later identified by Carney as Marc Keith, stated that the moldy juice packs would be replaced. BCDC inmates did not receive juice packs between February 3 and 7, 2022, but after that point they were distributed again with inmate meals. Carney claims that on February 19, 2022, he drank a juice pack with fuzzy particles and mold, after which he suffered from stomach pains and diarrhea.

On April 4, 2022, Carney filed his Complaint in this case, alleging that Defendants' distribution of unsanitary food created unconstitutional conditions of confinement in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Carney seeks $3 million in damages as well as injunctive relief.

## DISCUSSION

In their Motion, the Aramark Defendants seek dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that: (1) Carney fails to allege the personal involvement necessary to state a § 1983 claim; and (2) Carney fails to allege facts sufficient to state a valid Eighth Amendment Claim for unconstitutional conditions of confinement. Because this Court concludes that Carney failed to allege personal involvement in the alleged misconduct by any of the Aramark Defendants, the Motion to Dismiss will be granted.

**I.      Legal Standard**

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

## II.     Personal Liability

The Aramark Defendants assert that the Complaint should be dismissed because Carney has not alleged their personal involvement in the alleged wrongdoing. Under § 1983, a plaintiff must "affirmatively show[] that the official charged acted personally in the deprivation of the plaintiff's rights" to establish personal liability. *See Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (stating that on a § 1983 claim, "liability is personal, based upon each defendant's own constitutional violations").

Here, Carney has not sufficiently alleged, either in his Complaint or Supplement, that any of the Aramark Defendants personally participated in providing him with the moldy juice that caused his injuries. Rather, he states only in his memorandum in opposition to the Motion that Marc Keith, who is not a named defendant in this case, was the Aramark employee responsible for ordering inmate food at BCDC, including the "moldy contaminated juice bags," and that the named Aramark Defendants "failed to make sure the juice bags that they were sending to BCDC were sanitary," with no explanation as to what their positions are and how they were be responsible for inspecting or reviewing the products for health reasons. Opp'n at 1-2, ECF No. 14. Even if the

Court could consider statements made in the briefs rather than the Complaint, Carney has failed to allege sufficient facts to show that any of the named Aramark Defendants were personally involved in the alleged constitutional violation. Accordingly, the Aramark Defendants' Motion to Dismiss will be granted.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Aramark Defendants' Motion to Dismiss, ECF No. 10, is GRANTED.

2. Defendants Zillmer, Beuno, Barttrum, and Bentz are dismissed from this case.

3. Within **21 days** of the date of this Order, Carney and counsel for Defendant Gail Watts shall file a Joint Status Report describing what documents need to be exchanged, and what other discovery is required, in order to resolve the issues that remain pending before the Court, and proposing a deadline for the completion of such discovery.

4. The Clerk shall send a copy of this Order to Carney.

Date: August 22, 2023

THEODORE D. CHUANG
United States District Judge