UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

EDWARD CARNEY,

    Plaintiff,

v.

GAIL WATTS,

    Defendant.

Civil Action No. TDC-22-0796

**MEMORANDUM ORDER**

Self-represented Plaintiff Edward Carney filed this civil action pursuant to 42 U.S.C. § 1983, alleging that, while detained at the Baltimore County Detention Center in Towson, Maryland ("BCDC"), Aramark food service employees John Zillmer, Marc Beuno, Tim Barttrum, and Jonathan Bentz (collectively, the "Aramark Defendants"), as well as BCDC Director Gail Watts, violated his constitutional rights by serving him moldy juice. Carney subsequently filed a Supplement to his Complaint. The Court previously granted the Aramark Defendants' Motion to Dismiss. Defendant Watts has now filed a separate Motion to Dismiss. While Carney was notified of his right to file a memorandum in opposition to Watts's Motion, no such brief has been filed. Having reviewed the submitted materials, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Watts's Motion will be granted.

**BACKGROUND**

In his Complaint, Carney states that on January 24, 2022, a BCDC correctional officer conducted a town hall meeting regarding the issuance of moldy juice packs and directed affected inmates to submit complaint forms. During another meeting on February 2, 2022, Carney met

with BCDC staff and Aramark employees, one of whom was responsible for ordering food and drinks for the inmates at BCDC. At that time, the Aramark employee, later identified by Carney in his memorandum in opposition to the Aramark Defendants' Motion to Dismiss as Marc Keith, stated that the moldy juice packs would be replaced. BCDC inmates did not receive juice packs between February 3, 2022 and February 7, 2022. After this period, BCDC staff resumed distribution of the juice packs with inmate meals. Carney claims that on February 19, 2022, he drank a juice pack with fuzzy particles and mold, after which he suffered from stomach pains and diarrhea.

Carney names Watts as a defendant in the caption of the Complaint, but he does not provide any factual allegations about her conduct within the Complaint. In the Supplement to the Complaint, Carney alleges that his rights under the Eighth Amendment to the United States Constitution were violated by Watts in her role as "Warden of Baltimore County Detention Center, who is the person responsible for hiring Aramark in the first place." Supp. at 3, ECF No. 9. Carney made no further allegations against Watts. He seeks $3 million in damages as well as injunctive relief.

## DISCUSSION

Watts seeks dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that: (1) Carney fails to state a claim upon which relief may be granted; (2) Carney fails to allege any improper conduct by Watts; and (3) Watts is entitled to qualified immunity. Where Watts previously filed an Answer, the Court will construe the Motion as a Motion for Judgment on the Pleadings under Rule 12(c).

I. **Legal Standard**

For a Motion for Judgment on the Pleadings under Rule 12(c), courts apply "the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

II. **Personal Liability**

Watts argues that the Complaint should be dismissed because Carney has not alleged any personal involvement by her in the alleged wrongdoing. Under § 1983, a plaintiff must "affirmatively show[] that the official charged acted personally in the deprivation of the plaintiff's rights" to establish personal liability. *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) (quoting *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985)); *see Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (stating that "liability is personal, based upon each defendant's own constitutional violations"). Here, Carney has not sufficiently alleged, either in the Complaint or

3

the Supplement, that Watts personally participated in providing him the moldy juice that caused his illness. While Carney states that Watts was responsible for hiring Aramark, the company that allegedly provided the moldy juice, he provides no facts to support this claim or to demonstrate that such an act establishes personal liability for the alleged violation.

To the extent that Carney asserts a claim of supervisory liability against Watts, he also has failed to state a claim. Liability of a supervisory official "is not based on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff"; (2) the supervisor's response to the knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (quoting *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990)). Here, Carney's allegation that Watts hired Aramark, even if true, does not establish that she had actual or constructive knowledge of the alleged violation as required to state a claim of supervisory liability.

Because the Court finds that Carney has failed to plead sufficient facts alleging personal involvement or supervisory liability on the part of Watts in any alleged constitutional violation, Watts's Motion will be granted.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant Gail Watts's Motion to Dismiss, construed as a Motion for Judgment on the Pleadings, ECF No. 21, is GRANTED.

2. The Complaint is DISMISSED.

3. The Clerk shall close this case.

4. The Clerk shall send a copy of this Order to Carney.

Date: June 26, 2024

THEODORE D. CHUANG
United States District Judge